**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT PIKEVILLE**

**CIVIL ACTION NO. 04-264-DLB**

**RODNEY GOBLE**                                                                                **PLAINTIFF**


**vs.**                                    **MEMORANDUM OPINION & ORDER**


**JO ANNE B. BARNHART, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                       **DEFENDANT**


******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and for the reasons set forth herein, hereby reverses and remands the decision of the Commissioner.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Rodney Goble filed applications for supplemental security income (SSI) and disability insurance benefits on January 3, 2003. Plaintiff, who was 29 years old at the time of filing, has a high school education and alleges an inability to work beginning on December 10, 2002, due to pain in his back, neck and shoulder area, right hip and feet, and due to depression and anxiety. His applications were denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on October 29, 2003. ALJ Richard Swartz issued an unfavorable decision on January 8, 2004. When the Appeals Council denied Plaintiff's request for review by letter

1

dated June 29, 2004, the ALJ's decision became the final decision of the Social Security Administration.

Plaintiff filed the instant action on July 20, 2004.  The matter has culminated in cross motions for summary judgment, which are now ripe for adjudication.

## II.  DISCUSSION

### A.    Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis.  Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform.  As to the last step, the burden of proof shifts from the claimant to the Commissioner.  *See Jones v. Comm'r of Social Security,* 336 F.3d

2

469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.    The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 10, 2002, his alleged onset date. (Tr. 14)  At Steps 2 and 3, the ALJ found that Plaintiff's ankle sprains and anxiety constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 16)  At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform work at the light exertional level, but needs to sit for a substantial part of the day. (Tr. 16, 19)  Based on this assessment, the ALJ concluded that Plaintiff is unable to perform his past relevant work because it was skilled and at a heavy exertional level. (Tr. 17)  At Step 5, however, the ALJ found that Plaintiff retains the capacity to make an adjustment to other work that exists in significant numbers in the national economy. (Tr. 18)   This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC.

**C.    Analysis**

In this appeal, Plaintiff challenges the ALJ's assessment of his mental impairment; namely, that the RFC as determined by the ALJ and, consequently, the hypothetical presented to the VE, contained no restrictions or limitations arising from Plaintiff's anxiety disorder.  Plaintiff contends this omission must be in error, given the ALJ's conclusion at step two of the analysis that his anxiety constituted a severe impairment.   The Commissioner, on the other hand, submits that the ALJ was not required to impose any

3

limitations due to Plaintiff's anxiety, nor does the record evidence support imposing any such limitations. Therefore, offers the Commissioner, the hypothetical question directed to the VE was legally sufficient and Plaintiff's claim is without merit. Upon review of the record, and considering the relevant standard, the ALJ's findings related to Plaintiff's anxiety are not clear, and remand is therefore reasonable and appropriate for clarification of this issue.

After reviewing the documentary record and conducting a hearing, the ALJ issued a written decision wherein he found that Plaintiff's anxiety constitutes a severe mental impairment. But the ALJ's decision fails to adequately identify the supporting bases for his finding that Plaintiff's anxiety constitutes a "severe impairment," or the functional consequences of such impairment, if it is severe.

A severe impairment is an impairment which significantly limits a claimant's "ability to do basic work activities." 20 C.F.R. § 404.1521, 416.921. Sections 404.1521 and 416.921 describe basic work activities as the abilities and aptitudes necessary to do most jobs, including the following: physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. *Id.*

In his written decision, the ALJ states:

The medical evidence indicates that the claimant has ankle sprains and anxiety, impairments that are severe within the meaning of the Regulations but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. The record establishes mental impairments which satisfy diagnostic listing criteria for anxiety

4

disorder which results in *moderate* functional limitations impacting activities of daily living; social functioning; and concentration, persistence, and pace; but has produced no episodes of decompensation, each of extended duration. The record does not establish anxiety disorder which has resulted in complete inability to function independently outside the area of claimant's own home. Thus, it is concluded that anxiety disorder does not meet any listing for mental impairment inasmuch as it does not result in functional limitations which fulfill either the "B" or "C" criteria associated with 12.06, the listing for the mental impairment in question.

(Tr. 16)(emphasis added)

Plaintiff was psychologically evaluated by Dr. William Rigby on March 5, 2003. Dr. Rigby's report (tr. 177-82) reflects he diagnosed Plaintiff with an "anxiety disorder, not otherwise specified." (Tr. 181) He noted that Plaintiff reported "a range of anxiety symptoms which appear to be mild to moderate in degree." (*Id.*) Finally, he concluded that with respect to impairments resulting from Plaintiff's mental illness and psychological issues:

The claimant appears to have good ability to understand and follow simple instructions. The claimant appears to have good ability to sustain attention with repetitive tasks. The claimant appears to have good ability to relate to others, such as fellow workers and supervisors. The claimant appears to have good ability to adapt or respond to the stress and pressures normally found in a day-to-day work setting.

(Tr. 182) Dr. Rigby's report was then given great weight by the two non-examining reviewers, Dr. Edward Stodola and Dr. Ann Demaree. Both Drs. Stodola and Demaree completed Psychiatric Review Technique forms indicating Plaintiff has an anxiety-related disorder, but that they would not assess the impairment as severe. (Tr. 187, 202) Both also commented that Plaintiff's degree of limitation for restrictions of activities of daily living, difficulties in maintaining social functioning, and difficulties in maintaining concentration, persistence, or pace was "mild." (Tr. 197, 212) Despite these opinions, the ALJ's decision

5

concluded that these same categories were "moderate" rather than "mildly" limited. (Tr. 16) The regulations provide that rating these functional areas as "mild," generally means the impairment is not severe.  20 C.F.R. § 404.1520a.  This is consistent with the ratings by Drs. Stodola and Demaree.  But when they are not marked as "mild" and the impairment is then instead determined to be severe, the regulations require application of the technique for evaluating mental impairments.  *Id.*

The ALJ notes simply that "the record" establishes mental impairments satisfying the diagnostic criteria for anxiety disorder resulting in moderate functional limitations. (Tr. 16) However, the ALJ does not explain what within "the record" establishes this.  Perhaps it is Dr. Rigby's reference in his report to Plaintiff having mild to moderate anxiety symptoms. (Tr. 181) Or perhaps the ALJ also looked to Plaintiff's testimony to support this conclusion. In addition, there is other evidence of Plaintiff's mental/emotional state in the record.  The disability field officer's observations were that Plaintiff "seemed depressed" during interview. (Tr. 58) Records submitted by Plaintiff document a history of anxiety and panic attacks. (Tr. 114, 155, 228) However, none of this information from the record was either noted or discussed by the ALJ.

Assuming upon remand the ALJ concludes there is adequate support in the record to substantiate the conclusion that Plaintiff's anxiety constitutes a severe impairment, the ALJ must then determine and articulate the limitations or restrictions arising therefrom. In assessing the Plaintiff's RFC, the ALJ notes simply that "claimant is able to perform work at the light exertional level, but needs to sit for a substantial part of the day." (Tr. 16) He elaborates no further on what restrictions or limitations should be imposed given the severe anxiety impairment he found.   Instead,  the  decision  states  "claimant's  consultative

6

psychological evaluation was essentially within normal limits, with the examiner noting that claimant was able to interact quite well in a social sense and did not display any abnormalities of thought or speech." (Tr. 16) Thus, the ALJ's formal findings lack any restrictions or limitations associated with his severe anxiety impairment, or any discussion or explanation of why the ALJ deemed no restrictions or limitations warranted despite his earlier conclusion Plaintiff had moderate functional limitation.

In questioning the VE, there was nothing further presented by the ALJ in terms of Plaintiff's severe anxiety impairment.  The sole question posed was:

> Q      At age 29 with a 12th grade education [INAUDIBLE] this past work experience if the Claimant were limited to some sort of an occupation in which he would - - at either a sedentary or light level which he would need to be able to sit at least part of the work shift and could not basically do the type of job where you let's say stand at a machine or run it for eight hours a day but would need something rather that had some sitting involved in it of at least some significant amount.  Does that leave any jobs that exist?

(Tr. 274) The hypothetical posed to the VE does not include any nonexertional limits or restrictions, however minimal, due to Plaintiff's anxiety.  While the ALJ's description of a claimant's RFC in the hypothetical does not need to enumerate all of claimant's maladies, *Howard v. Commissioner of Social Security,* 276 F.3d 235, 239 (6th Cir. 2002), it is required to include those limits that accurately portray a claimant's physical and mental impairments. *Varley v. Secretary of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).  Based on the inconsistencies in the record, the Court is not convinced that Plaintiff's severe mental impairment of anxiety was adequately addressed by the ALJ and disclosed to the VE.  Therefore, her expert testimony cannot serve as substantial evidence in support of the ALJ's decision to deny benefits.

7

The Commissioner submits the RFC is adequate and it is reasonable to assume the ALJ took Plaintiff's severe anxiety impairment into account in identifying Plaintiff's capacity. To support this, the Commissioner notes that since Plaintiff had a combination of impairments considered severe, the ALJ's role is to identify restrictions and limitations resulting from the *combined* effect of all impairments, rather than each particular severe impairment. 20 C.F.R. §§ 404.1523, 416.923. While this is an accurate legal statement, it does not factually account for the ALJ's statement, as quoted above, that claimant has ankle sprains and anxiety, "impairments that are severe" (emphasis added). This language suggests that each of these two impairments is severe, rather than that the combination of the impairment from ankle sprains and the impairment from anxiety is severe. That the ALJ regarded the anxiety condition severe alone and of itself is also supported by the ALJ's conclusion that the functional areas were "moderate" rather than "mild."

The Commissioner also submits that the ALJ could have been including restrictions for Plaintiff's anxiety disorder in the RFC by limiting him to mostly sedentary work. According to the Commissioner, this is because limiting him to sedentary work would have eliminated the physical demands of Plaintiff's previous work, which in turn would have reduced his physical pain, which in turn would have reduced his stress, which in turn would have reduced his anxiety. Speculation to this extent is unreasonable. If this was the ALJ's purpose and intent by restricting Plaintiff to mostly seated work, it should be so explained.

### III.  CONCLUSION

8

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found not to be supported by substantial evidence and is hereby **REVERSED,** with this action **REMANDED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #9) is hereby **GRANTED.**

A Judgment reversing and remanding this matter will be entered concurrently herewith.

Dated this 30th day of September, 2005.



Signed By:

_David L. Bunning_   DB

**United States District Judge**

G:\DATA\SocialSecurity\MOOs\7-04-264-GobleMOO.wpd

9